[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14689
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 04-21578-CV-CMA

HANDY BAILEY,

Petitioner-Appellant,

versus

WARDEN, FCI MIAMI,
Loren Grayer,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 23, 2005)**

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Handy Bailey, a federal prisoner proceeding pro se, appeals the district court's

dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.  We affirm.

Bailey was convicted on two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). We affirmed his conviction and sentence. *See United States v. Bailey*, No. 98-2561 (11th Cir. June 21, 1999). Bailey filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the district court denied. Bailey then filed a motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b), which the district court denied. On appeal, we deemed Bailey's 12(b) motion to be a habeas petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). We vacated the district court's order and remanded with instructions to dismiss for lack of jurisdiction. *See United States v. Bailey*, No. 03-11517 (11th Cir. July 8, 2004).

Bailey then filed this petition for writ of habeas corpus pursuant 28 U.S.C. § 2241. In his § 2241 petition, Bailey presents claims of actual or factual innocence which he contends were not argued in his § 2255 petition because "the law was not developed at the time the section 2255 motion was denied, and the evidence establishing his innocence was not obtained until after the section 2255 motion was denied." (R.1-1 at 3.) The magistrate judge recommended dismissing the petition. Bailey objected to the magistrate judge's report, contending that his claims of innocence must be addressed before the petition could be denied on procedural

grounds. (R.1-7 at 1-2.) The district court, however, dismissed Bailey's petition for the reasons stated in the magistrate judge's recommendation. Bailey appeals.[1]

We conclude that the district court properly dismissed Bailey's § 2241 petition. Collateral attacks on the validity of a federal conviction or sentence typically are brought under 28 U.S.C. § 2255. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied*, 540 U.S. 900 (2003). When a prisoner has previously filed a § 2255 motion, he must apply for and receive this court's permission before filing a successive § 2255 motion. Bailey did not receive our permission to file a successive § 2255 motion.

Bailey is precluded from seeking relief under § 2241 because the § 2255 "savings clause" does not apply to these circumstances. The savings clause in § 2255 permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A petitioner may not argue actual innocence until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. *Wofford v. Scott*, 177 F.3d 1236, 1244 n.3 (11th Cir. 1999). But in order to invoke

---

[1]The district court denied Bailey's motion for a certificate of appealability. (R.1-10 at 13.) A federal prisoner who proceeds under 28 U.S.C. § 2241, however, does not need a certificate of appealability to appeal. *See Saywer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir.), *cert denied*, 540 U.S. 900 (2003).

the savings clause, Bailey must show that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that Bailey was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. Because Bailey has not shown that he was convicted of or sentenced for a crime that has been rendered "nonexistent," we find that he is unable to satisfy the second prong of the *Wofford* test. Bailey cites no case that would render the crime of cocaine possession nonexistent.

Bailey also contends that he was factually innocent of his sentence as a career offender because his sentence was enhanced by his prior convictions, which were not proven to a jury beyond a reasonable doubt, as he claims is required by *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). We have already held, however, that *Blakely* is irrelevant to sentencing enhancements based on prior convictions. *See United States v. Marseille*, 377 F.3d 1249, 1257 n.14 (11th Cir. 2004). Thus there was no defect in sentencing that authorized the application of the savings clause in § 2255.

Because Bailey cannot satisfy the second prong of the *Wofford* test with regard to any of his claims, including his sentencing claim, we need not address the

4

remaining prongs of the *Wofford* test. And, because all of his arguments for relief fail

the *Wofford* test, we need not reach the issue of actual innocence. The district court's

dismissal of Bailey's § 2241 petition for writ of habeas corpus is, therefore,

AFFIRMED.